The STATE of Ohio, Appellant,

v.

HARRIS, Appellee.

The STATE of Ohio, Appellant,

v.

HARRIS, Appellee.

[Cite as *State v. Harris* (1998), 127 Ohio App.3d 626.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 97APA07–955 and 97APA07–956.

Decided June 2, 1998.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, and *Thomas K. Lindsey,* Assistant Prosecuting Attorney, for appellant.

*Judith M. Stevenson,* Franklin County Public Defender, *Allen V. Adair* and *Scott Jelen,* Assistant Public Defenders, for appellee Flame S. Harris.

*Larry W. Thomas,* for appellee Misty D. Harris.

JOHN C. YOUNG, Judge.

Appellees, Flame S. Harris and Misty D. Harris, were indicted by the Franklin County Grand Jury for one count of possession of marijuana, in violation of R.C. 2921.11, a second degree felony. Appellees filed demands for discovery including a general request for exculpatory evidence and motions to suppress statements and evidence. Two hearings were held on appellees' pretrial motions, and the motions to suppress evidence and statements were overruled.

On January 29, 1997, appellees' trial began in front of a jury. A summary of the evidence presented is as follows: Appellees arrived at Port Columbus International Airport at approximately 6:30 a.m. on August 26, 1996. Appellees arrived on America West Airlines Flight 2266, which originated in Los Angeles, California. Detective Colleen Mitchell of the Columbus Police Department, Drug Enforcement Agency ("DEA"), testified that early morning flights from source cities, such as Los Angeles, are routinely monitored by the police department because money and drugs are often brought into the city this way. After appellees deplaned, they proceeded to the baggage claim area to collect their luggage. Because appellees' luggage did not arrive with their flight, Detective Mitchell became interested in them. According to Detective Mitchell's testimony, attention is paid to in-bound morning flights from source cities and the absence of luggage associated with late arrival at the airport and the checking of luggage by couriers of either money or narcotics. Detective Mitchell passed this information on to Detective Stephan Stonich.

Brian Carlson, a special agent with the Bureau of Criminal Identification and Investigation, and his narcotics canine, Rebel, were screening luggage from flight 2687 from Los Angeles, California, at approximately 3:30 p.m. in the afternoon of August 26, 1996. Rebel alerted on a black suitcase and a green suitcase. Agent Carlson explained that Rebel is trained to sniff out narcotics and to let his handler know in which bags he smells narcotics. Agent Carlson informed the other members of the task force that Rebel had alerted on these two bags so that the others could watch who claimed those bags.

Detective Stonich testified that he was present at the airport on August 26, 1996, and that Detective Mitchell had informed him of two potential suspects. At approximately 3:20 p.m., Detective Stonich observed appellees arrive at the airport and watched them claim the black and green suitcases on which Rebel had alerted. Detective Stonich and another officer stopped appellees, advised them that they were police officers, and asked them some questions. Appellees consented to a search of their bags. Inside each bag were gift-wrapped bundles of marijuana, the combined weight being approximately sixty pounds and having

a street value of approximately $90,000. Appellees were placed under arrest for possession of marijuana.

During the testimony of Detective Stonich, it became apparent that Detective Stonich had been in possession of a certain piece of evidence which he never turned over to the prosecutor's office. Detective Stonich had subpoenaed America West Airlines and obtained a passenger name record on August 27, 1996, which he put in the DEA evidence file. Detective Stonich gave the record to the trial prosecutor on the day he testified. The record indicates that America West had not given appellees' claim checks for their baggage. Because appellees had not been provided with this evidence and because, in appellees' opinion, the evidence was exculpatory in nature, counsel moved the court to dismiss the action. The trial court did dismiss the action and stated as follows in its entry:

"In January 29, 1997, the jury was sworn and began hearing testimony. During cross-examination of the state's third witness, a 24–year veteran of Columbus Division of Police, the witness revealed he had an airline computer printout sheet that he had acquired shortly after the arrest in August, 1996, but had not forwarded to the prosecutor or defense attorneys. The printout related to a material issue in the case about which the defense counsel had inquired on seven occasions. Furthermore, it corroborated a portion of what defendants had been telling their attorneys regarding the case. The document contained exculpatory material. Nonetheless, the defense counsel had not been apprised of its existence or given a chance to view it despite the demands for pretrial discovery. The witness indicated he had given the document to the prosecutor before his testimony began but not prior to trial. The prosecutor indicated he had not had a change [*sic*] to review it.

"The cases are dismissed because the defendants have been prejudiced to the point that a short continuance could not cure it. The discovery material prompts an investigation at the Los Angeles Airport that could not be done within hours, probably not within several days.

"The Court's only options are to tell the jury it would have to return after a delay of several weeks; to declare a mistrial and require the defendants to return to face a new jury panel, again after a significant delay; or to dismiss the indictments.

"As it appears that exculpatory material has been purposely withheld, justice requires a dismissal."

During opening argument, counsel presented appellees' theory in defense of the charges against them, including the fact that appellees did not have knowledge that marijuana was in their luggage. Appellees were two exotic dancers who resided in Los Angeles, California, and who, upon the suggestion of a mutual

acquaintance, were coming to Columbus, Ohio, to look for work. This mutual acquaintance bought their tickets and had a friend of his provide appellees with transportation to the airport. Appellees' theory was that these other people were the ones who placed the marijuana in the luggage and that appellees unknowingly transported that marijuana to Columbus. As part of their defense, appellees had maintained all along that they had not been given baggage claim checks for their luggage.

The state of Ohio has filed a timely notice of appeal, wherein the state asserts the following assignment of error:

"The trial court erred in dismissing the indictment."

Pursuant to Crim.R. 16(B)(1)(f), disclosure of evidence which is favorable to the defendant and material to either guilt or punishment is required. *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, requires the disclosure of evidence which is material to either guilt or to punishment. In determining whether the prosecution improperly suppressed evidence favorable to an accused, such evidence is deemed material only if there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different. *State v. Johnston* (1988), 39 Ohio St.3d 48, 529 N.E.2d 898, paragraph five of the syllabus. The trial court determined that the evidence was exculpatory in nature, and, given the thrust of appellees' defense, this court finds that the trial court did not abuse its discretion in so finding.

Pursuant to Crim.R. 16(D), there is a continuing duty to disclose additional evidence which becomes available at a later date. The trial court specifically found that Detective Stonich had possession of this exculpatory evidence and that he did not turn it over to the prosecutor in a timely fashion. The trial court also found that, once that information was given to the prosecutor, the prosecutor waited several hours until the evidence was given to counsel for appellees. Crim.R. 16(E)(3) provides the trial court with guidance in the event that a party fails to disclose evidence:

"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, *or it may make such other order as it deems best under the circumstances.*" (Emphasis added.)

The state argues that if the Ohio Supreme Court had intended for dismissal to be a sanction for violation of Crim.R. 16, then the court would have included dismissal as one of the sanctions. This court disagrees. Pursuant to

Crim.R. 16(E)(3), the trial court is authorized to "make such other order as it deems just under the circumstances." Therefore, this court finds that dismissal is an available sanction which can be applied for a Crim.R. 16 violation.

The question does remain, however, whether dismissal was the appropriate sanction in the present case. Paragraph two of the syllabus of *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 511 N.E.2d 1138, provides as follows:

"A trial court must inquire into the circumstances surrounding a discovery rule violation and, when deciding whether to impose a sanction, must impose the least severe sanction that is consistent with the purpose of rules of discovery."

As indicated in the trial court's entry cited earlier, the trial judge recognized that defense counsel would need to contact individuals in California in order to establish the full significance of the fact that appellees had not been given baggage claim checks and that such an investigation could take an extended period of time. Inasmuch as the jury had already been selected and had already heard evidence, the trial judge realized that he could not stop the trial for a week or more and then expect the same jurors to be able to hear the remainder of the evidence. The trial judge properly determined that appellees had been prejudiced and that a simple continuance would not alleviate the prejudice caused to them. Because the trial court made the finding in its entry that the exculpatory material had been purposely withheld, this court cannot find that the trial court abused its discretion in ordering that the cases be dismissed. Based on the foregoing, the state's assignment of error is not well taken and is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

Bowman and Lazarus, JJ., concur.