[Cite as *State v. Willet*, 2022-Ohio-3315.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| STEVEN WILLET | : | Case No. 22 CA 0002 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 21-CR-0028




JUDGMENT:                         Affirmed




DATE OF JUDGMENT:                 September 21, 2022




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JACOB C. GRABINSKI                        WILLIAM T. CRAMER
60 East High Street                       470 Olde Worthington Road
Mt. Gilead, OH  43338                     Suite 200
                                          Westerville, OH  43082

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant, Steven Willet, appeals his conviction for burglary from the Court of Common Pleas of Morrow County, Ohio.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On March 11, 2021, the Morrow County Grand Jury indicted appellant on one count of burglary in violation of R.C. 2911.12 and one count of receiving stolen property in violation of R.C. 2913.51.  Said charges arose after a truck and some items were stolen from the home of Steven Rowe.

{¶ 3}   A jury trial commenced on November 8, 2021.  The jury found appellant guilty of the burglary count and not guilty of the receiving count.  By judgment entry filed January 14, 2022, the trial court sentenced appellant to six years in prison.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 5}   "APPELLANT'S BURGLARY CONVICTION WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE."

II

{¶ 6}   "THE TRIAL COURT ERRED BY ADMITTING VICTIM-IMPACT TESTIMONY THAT WAS IRRELEVANT AND UNFAIRLY PREJUDICIAL."

I

{¶ 7}   In his first assignment of error, appellant claims his conviction for burglary was against the manifest weight of the evidence.  We disagree.

{¶ 8}   On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  *See also State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).  The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *Martin* at 175.  We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.  *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990).  The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page."  *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶ 9}   Appellant was convicted of one count of burglary in violation of R.C. 2911.12(A)(1) which states:

(A) No person, by force, stealth, or deception, shall do any of the following:

(1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense[.]

{¶ 10} Appellant does not take issue with the elements of the offense. His only issue is identity, whether he was in fact the burglar.

{¶ 11} Steven Rowe testified he lives about a quarter mile from Hidden Lakes campground. T. at 9-10. On October 27, 2019, Mr. Rowe was home when he discovered his truck was missing from his garage. T. at 11. At the front of the garage was a small utility table. On top of the table was usually a box of snack-sized Doritos. The box was missing and there was an empty bag of Doritos on the floor beside the table. T. at 12; State's Exhibits 1-5. A police officer on the scene took the empty Doritos bag for evidence. T. at 16. Later in the evening, Mr. Rowe discovered items missing from his bedroom. T. at 18.

{¶ 12} Natasha Gram testified she lives at the residence, but was not there at the time the truck went missing. T. at 32. Prior to leaving the house, she observed the box of Doritos in the mudroom instead of its usual place in the garage which gave her pause as to who might have moved it. T. at 32. When she arrived back home, she observed the empty Doritos bag on the garage floor. T. at 34-35.

{¶ 13} Ryan Beverage, a Morrow County Sheriff's Deputy at the time of the incident, was dispatched to the scene. T. at 46-47. Officer Beverage took photographs, dusted for fingerprints, and collected the Doritos bag. T. at 48. Another officer informed him the truck might be located at Hidden Lakes campground on Lot No. 451. T. at 52, 106. Officer Beverage went to the campground and found the truck parked behind the lot. *Id;* State's Exhibits 9-11. Appellant and Rita Ray lived at the lot. *Id.* Pursuant to search warrants, Officer Beverage obtained DNA samples from appellant and another

possible suspect, John Sargent.  T. at 54.  Mr. Sargent also lived at the lot.  T. at 73. Appellant's DNA sample matched DNA recovered from the Doritos bag; Mr. Sargent's DNA did not match.  T. at 58-59; State's Exhibits 13-17.

{¶ 14} Rachel Keaton, a forensic scientist with BCI, testified to analyzing the fingerprints.  T. at 125-127.  She could not retrieve any fingerprints from the Doritos bag. T. at 126-127; State's Exhibit 14.

{¶ 15} Sara Horst, a forensic scientist with BCI, testified to analyzing the DNA samples.  T. at 135.  In comparing the DNA obtained from the Doritos bag with the samples from Mr. Sargent and appellant, Mr. Sargent was not a match and appellant was a match (1 and 1 trillion).  T. at 138-139; State's Exhibits 13, 15-17.

{¶ 16} After listening to the evidence presented, the jury found appellant guilty of committing the burglary.  Appellant argues the jury lost its way because the Doritos bag could have been his trash that blew over to Mr. Rowe's property, or the bag and the truck could have been brought over by Mr. Sargent.  However, Mr. Sargent's DNA was not found on the Doritos bag.

{¶ 17} Based upon the evidence presented, we find the jury did not lose its way in finding appellant guilty of committing the burglary.  We do not find a manifest miscarriage of justice.

{¶ 18} Assignment of Error I is denied.

II

{¶ 19} In his second assignment of error, appellant claims the trial court erred in admitting victim-impact testimony that was irrelevant and unfairly prejudicial.  We disagree.

{¶ 20} The admission or exclusion of evidence lies in a trial court's sound discretion "so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991); *State v. Sage,* 31 Ohio St.3d 173, 510 N.E.2d 343 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 21} Evid.R. 403(A) states: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

{¶ 22} In reaching a decision involving admissibility under Evid.R. 403(A), a trial court must engage in a balancing test to ascertain whether the probative value of the offered evidence outweighs its prejudicial effect. *State v. Hymore*, 9 Ohio St.2d 122, 224 N.E.2d 126 (1967), paragraph seven of the syllabus. In order for the evidence to be deemed inadmissible, its probative value must be minimal and its prejudicial effect great. *State v. Morales*, 32 Ohio St.3d 252, 258, 513 N.E.2d 267 (1987). Furthermore, relevant evidence which is challenged as having probative value that is substantially outweighed by its prejudicial effects "should be viewed in a light most favorable to the proponent of the evidence, maximizing its probative value and minimizing any prejudicial effect" to the party opposing its admission. *State v. Maurer*, 15 Ohio St.3d 239, 265, 473 N.E.2d 768 (1984).

{¶ 23} Testimony regarding the effect a defendant's criminal acts have on the victim is usually irrelevant because it does not ordinarily involve the guilt or innocence of

the accused. *State v. Wade*, 8th Dist. Cuyahoga No. 90145, 2008-Ohio-4870, ¶ 17. "Rather than proving any fact of consequence on the issue of guilt, victim impact testimony tends to inflame the passions of the jury and risk conviction on facts unrelated to actual guilt." *Id.*, citing *State v. White*, 15 Ohio St.2d 146, 239 N.E.2d 65 (1968). However, "[v]ictim-impact evidence is admissible in certain circumstances, such as when the evidence relates to both the facts attendant to the offense and the effect on the victim." *State v. Rucker*, 2d Dist. Montgomery No. 24340, 2012-Ohio-4860, ¶ 34, citing *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 138.

{¶ 24} Appellant complains of testimony admitted over objection about the impact of the burglary on the victims. Mr. Rowe was asked if he took any security measures after the burglary. T. at 18. He responded in the affirmative and indicated he installed security cameras all the way around the house. T. at 19. Ms. Gram was asked if prior to the incident she was ever afraid of being robbed. T. at 36. She responded, "I was not previously." She stated they would often go outside and play. *Id.*

{¶ 25} Appellant argues the testimony was irrelevant and prejudicial and swayed the outcome. We note the testimony was very limited and was not overly emotional. There is no indication the jury was influenced by the complained of testimony or the outcome of the trial would have been different given the fact that DNA placed appellant at the scene of the burglary.

{¶ 26} Upon review, we find the trial court did not abuse its discretion in permitting the limited testimony.

{¶ 27} Assignment of Error II is denied.

{¶ 28} The judgment of the Court of Common Pleas of Morrow County, Ohio is hereby affirmed.

By Wise, Earle, P.J.

Delaney, J. and

Baldwin, J. concur.


EEW/db