[Cite as *State v. Stalder*, 2023-Ohio-3736.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Andrew J. King, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| GLEN STALDER | : | Case No. 21-CA-26 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:               On Remand From The Supreme
                                       Court of Ohio, Case No. 21-CRB-
                                       186



JUDGMENT:                              Affirmed



DATE OF JUDGMENT:                      October 13, 2023



APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

JOSEPH M SABO                          ANDREW R. SANDERSON
136 West Main Street                   738 East Main Street
P.O. Box 1008                          Lancaster, OH  43130
Lancaster, OH  43130

*King, J.*

{¶ 1}   This matter is before this Court upon remand from the Supreme Court of Ohio. In appellant Glen Stalder's direct appeal of his conviction and sentence by the Fairfield County Court of Common Pleas, *State v. Stalder*, 5th Dist. Fairfield No. 21 CA 26, 2022-Ohio-398-1386, we addressed his third assignment of error and found Stalder established a prima facie case of purposeful gender discrimination based on the state's exercise of two peremptory challenge of male prospective jurors. We declined to address Stalder's first and second assignments of error as moot in light of our ruling on his *Batson* challenge. The state appealed, and the Ohio Supreme Court accepted a discretionary appeal. The Supreme Court found that Stalder failed to set forth sufficient facts and circumstances to establish a prima facie case of purposeful gender discrimination. The Supreme Court reversed our decision on Stalder's *Batson* challenge and remanded the case to this court to address Stalder's remaining assignments of error. *State v. Stalder*, --- N.E.3d----, 2023-Ohio-2359. Pursuant to the Supreme Court's judgment entry, we therefore address Stalder's first and second assignments of error.

Facts and Procedural History

{¶ 2}   On February 21, 2021, 26-year-old J.R. was working at the Amanda Carryout where Stalder was a regular customer. Stalder arrived at the store at 7:00 a.m., that day, got coffee and hung around for approximately two hours. It was unusual for Stalder to be in the store longer than a few minutes. During that two hours Stalder was in and out of the store, he would go outside to talk to other people who were also hanging around and then go back into the store to talk to J.R. when no other customers were present.

{¶ 3} When Stalder was in the store alone with J.R. he did things that made J.R. uncomfortable including staring at her, licking his lips, and making moaning sounds. He told J.R. that a girl like her probably would not be into a guy like him. When Stalder continued to loiter inside the store, J.R. busied herself stocking items in hopes that Stalder would just leave. At one point Stalder blocked J.R.'s only path back to the register and motioned with his arms that he wanted a hug. J.R. complied hoping that would get Stalder to leave, but instead of just giving J.R. a hug, appellant grabbed J.R.'s buttocks over her clothing and squeezed. He then let go and stepped to the side so J.R. could pass, but as she did Stalder grabbed J.R.'s crotch over her clothing. Stalder then told J.R. he would like to put his tongue in her vagina. Stalder was later charged with one count of sexual imposition pursuant to R.C. 2907.06(A)(1).

{¶ 4} Stalder pled not guilty and opted to proceed to a jury trial which took place on July 29, 2021. Before trial, the state filed a motion in limine asking the trial court to prohibit Stalder from introducing any evidence regarding the termination of J.R.'s employment from the Amanda Carryout, which occurred well after the incident here. The trial court granted the state's motion.

{¶ 5} At trial, the state presented evidence from J.R. and Fairfield County Deputy Sheriff Shane Tigner who responded to the call regarding the incident. Stalder rested without presenting any evidence. Stadler did, however, make a proffer as to what testimony from the owner of the Amanda Carryout would have entailed regarding the termination of J.R.'s employment, as well as a proffer as to statements made or not made by J.R. which he would have introduced through Deputy Tigner, but was prohibited from doing so.

{¶ 6}   After hearing the evidence and deliberating, the jury found Stalder guilty. He was sentenced to 7 days in jail, a $500 fine, and a period of community control.

{¶ 7}   Stalder's remaining assignments of error are as follow:

I

{¶ 8}   "THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S REQUEST TO PRESENT EXCULPATORY EVIDENCE."

II

{¶ 9}   "THE TRIAL COURT COMMITTED HARMFUL ERROR IN PERMITTING THE INTRODUCTION OF CERTAIN EVIDENCE IN THE PROSECUTION OF THE CASE BELOW."

I

{¶ 10}  In his first assignment of error, Stalder argues the trial court infringed on his constitutional right to a fair trial when it excluded evidence of J.R.'s termination from the Amanda Carryout and further when it denied his inquiry with Deputy Tigner regarding statements made or not made by J.R. We disagree.

Applicable Law

{¶ 11}  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. Evidence, although relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evid.R. 403. The trial court is vested with broad discretion when weighing evidence under Evid.R. 403. *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 87. "A reviewing court will not interfere absent a clear abuse of that discretion." *State v. Bethel*, 110 Ohio St.3d 416,

2006-Ohio-4853, 854 N.E.2d 150, ¶ 171. "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 12} As to Stalder's first complaint, why J.R.'s employment was terminated long after she was assaulted by Stalder simply had no bearing on any fact of consequence in this matter. Counsel for Stalder admitted he did not know when J.R. was terminated other than "[w]ell after the alleged incident," and further that "[i]t was not at all connected to this incident." Transcript of trial (T.) 187. We therefore find no error in the trial court's ruling.

{¶ 13} Next, counsel for Stalder attempted to question Deputy Tigner about what J.R. said to him during the course of the investigation. Specifically, counsel attempted to ask Deputy Tigner if J.R. had told him about the lewd comment Stalder made to her.

{¶ 14} Counsel's relevant questioning to J.R. consisted of the following:

[Counsel]: When you talked to the police, what did you tell them about this incident?

[J.R.]: I told them everything that I said.

[Counsel]: Everything that happened?

[J.R.] Yeah.

[Counsel]:  Every single thing you testified to this jury about. Correct?

[J.R.]: Yes.

[Counsel]: Including the things he said to you?

[J.R.]: Yes.

{¶ 15} T. 134-135.

{¶ 16} Counsel made no attempt to impeach J.R.'s testimony with any prior written or recorded statement made by J.R.

{¶ 17} Counsel for Stalder then questioned deputy Tigner as follows:

[Counsel]: * * * You said you did speak with her concerning the answer?[1]

[Tigner]: Correct, in the office.

[Counsel]: And what were some of the things she told you?

[The state]: Objection.

The Court: [Counsel]?

[Counsel]: It's going to be a prior inconsistent statement, Your Honor.

The Court: As to what – approach.

(thereupon a side-bar discussion was held as follows:)

The Court: What prior inconsistent statement?

[Counsel] He said he would stick his tongue in my vagina.

---

[1] It is unclear what "answer" is being referenced here. Before this question counsel was refreshing Tigner's recollection as to what time he arrived at the scene.

[The state]: That's not –

[Counsel]: No, that's my point.

[The state]: Your Honor –

The Court: Well, how is it inconsistent?

[Counsel]: Because she didn't tell him that.

The Court: Well, so the absence of telling someone, that's not inconsistent.

[Counsel]: Sure it is.

[The Court]: No, it's not.

[Counsel]: I'm saying it's not. Okay.

[The Court]: [Counsel], I'm saying it's not inconsistent. It may be something she didn't say, bit it's not inconsistent to her testimony – what she testified to here today.

[Counsel]: She testified she told the deputy that.

[The Court]: I don't recall that.

[Counsel]: I went back – There was a specific reason I went over it for this very purpose. The first time I heard that statement was in court today. The reason it was the first time I heard that statement was because she didn't tell the deputy. And I asked her and she said yes, I told the deputy everything that happened.

The Court: I don't recall her – what she said she told – I don't know that saying something – not saying something that she said here today is an inconsistent statement. * * * I'm sustaining the objection here.

{¶ 18} T. 172-173.

{¶ 19} Before resting his case, counsel for Stalder then made the following proffer:

> Additionally, Defendant's Exhibit 2, which is the narrative supplement that the deputy prepared in connection with this case demonstrates that at no time was that statement reported to the officer. He does not include that in his statement and if allowed to question the Deputy, he would have revealed he is very experienced, recognizes the importance of reporting statements like that and would have surely included it in his report had it been made to him. The Court determined it was inappropriate for us to go there and, therefore, we are putting on the record that's what we anticipate the evidence would have been.

{¶ 20} T. 188.

{¶ 21} Stalder did not enter Defendant's Exhibit 2 into evidence. T. 189.

{¶ 22} The state objected to Stalder's line of questioning as hearsay. Counsel for Stalder argued it was to expose a prior inconsistent statement. Here on appeal, Stalder makes no argument as to how the evidence was admissible. While we are not obligated to make arguments for an appellant, in the interest of justice we will look to the arguments made at trial.

{¶ 23}  During trial, Stalder appeared to argue Tigner's report was admissible via Evid.R. 803(8) which provides:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(8) Public Records and Reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, unless offered by defendant, unless the sources of information or other circumstances indicate lack of trustworthiness.

{¶ 24} " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted in the statement." Evid.R. 801(C).

{¶ 25} In addressing a nearly identical evidentiary fact pattern this court found:

* * * Appellant was attempting to introduce hearsay statements nested within the document. Evid. R. 805 provides, "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Appellant does not argue the hearsay statements included within the report are admissible

under any other exception to the hearsay rule. We therefore find the trial court did not abuse its discretion in excluding the statements within the police report as hearsay. Further, the police report is not a part of the record before this Court on appeal, and we therefore cannot find Appellant was prejudiced by its exclusion.

{¶ 26} *State v. Merritt*, 5th Dist. Richland No. 2020CA0063, 2021-Ohio-2847 ¶ 38.

{¶ 27} So too here. We find Stalder's attempt to question Deputy Tigner regarding any statements made by J.R. were properly excluded as hearsay.

{¶ 28} The first assignment of error is overruled.

II

{¶ 29} In his second assignment of error, Stalder argues the trial court erred in permitting the introduction of victim-impact testimony. Specifically, Stalder argues J.R.'s testimony regarding how this incident impacted her life was unfairly prejudicial. We disagree.

{¶ 30} The admission or exclusion of evidence lies in a trial court's sound discretion "so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake County*, 58 Ohio St.3d 269, 271, 569 N.E.2d 1056 (1991); *State v. Sage*, 31 Ohio St.3d 173, 510 N.E.2d 343 (1987).

{¶ 31} Evid.R. 403(A) states: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

{¶ 32} Testimony regarding the effect a defendant's criminal acts have on the victim is usually irrelevant because it does not ordinarily involve the guilt or innocence of

the accused. *State v. Wade*, 8th Dist. Cuyahoga No. 90145, 2008-Ohio-4870, ¶ 17. "Rather than proving any fact of consequence on the issue of guilt, victim impact testimony tends to inflame the passions of the jury and risk conviction on facts unrelated to actual guilt." *Id.*, citing *State v. White*, 15 Ohio St.2d 146, 239 N.E.2d 65 (1968). However, "[v]ictim-impact evidence is admissible in certain circumstances, such as when the evidence relates to both the facts attendant to the offense and the effect on the victim." *State v. Rucker*, 2d Dist. Montgomery No. 24340, 2012-Ohio-4860, ¶ 34, citing *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶ 138.

{¶ 33} Over Stalder's objection, J.R. was asked is she interacts differently with people in the wake of this incident. She responded "It makes me like I felt like uncomfortable around people anymore. I don't know what anybody's intentions are going to do – be or like if – I always stay with somebody I know. I don't go out by myself anymore or be alone anywhere." T. 127.

{¶ 34} Stalder argues the testimony was irrelevant, prejudicial and its admission was significantly outweighed by confusing the issues or misleading the jury. We note the testimony was limited and unemotional. There is no indication the jury was influenced by the complained of testimony or that the outcome of the trial would have been different without the testimony given there was a video of the incident.

{¶ 35} Upon review, we find the trial court did not abuse its discretion in permitting the limited testimony.

{¶ 36} The second assignment of error is overruled.

{¶ 37} The judgment of the Fairfield County Court of Common Pleas is affirmed.


By King, Andrew,

Wise, J., J. and

Baldwin, J. concur.

[Cite as *State v. Stalder*, 2023-Ohio-3736.]