JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Petitioner Damien Peterson appeals from a common pleas court order denying his petition for post-conviction relief. He argues that the court erred by dismissing his petition as insufficient. Petitioner was also given leave to submit supplemental authority, State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624; the parties were invited to submit supplemental briefs on the effect of Colon on this appeal. We find no error in the trial court's order dismissing the petition. Furthermore, we find that res judicata bars any argument (based onColon) that the indictment was insufficient. Even if appellant could argue the sufficiency of the indictment on a petition for post-conviction relief, the indictment was not defective. No mens rea was required for the "deadly weapon" element of the aggravated robbery charge against appellant. Accordingly, we affirm.
 Procedural History {¶ 2} The petitioner was charged in a three-count indictment filed October 6, 2005, with aggravated robbery, felonious assault, and having a weapon while under disability. The first two counts each contained a one-and three-year firearms specification, a notice of prior conviction and a repeat violent offender specification.
 {¶ 3} The case was tried to a jury, which found the petitioner guilty of all of the charges and all of the attached specifications. The court sentenced the petitioner to three years' imprisonment on the firearms specifications and three years' imprisonment on the repeat violent offender specifications, to be served prior and consecutive to the sentences imposed on the underlying offenses. The court further sentenced the petitioner to nine years' *Page 4 
imprisonment on the aggravated robbery charge, five years' imprisonment on the felonious assault charge, and four years' imprisonment on the charge of having a weapon while under disability. All of these sentences were to run concurrent with one another, for an aggregate total sentence of fifteen years' imprisonment.
 {¶ 4} The petitioner filed a direct appeal from his convictions. He challenged the sufficiency and weight of the evidence against him and asserted prosecutorial misconduct as well as ineffective assistance of counsel at trial. While this court rejected all of the petitioner's assignments of error, we found plain error in the sentence on the repeat violent offender specifications and therefore modified the sentence imposed on the petitioner. State v. Peterson, Cuyahoga App. No. 88248,2007-Ohio-1837.
 {¶ 5} While the direct appeal was pending, the petitioner filed his petition to vacate or set aside his sentence. The petition alleged that the petitioner was arrested without a warrant or probable cause, that he was not given Miranda warnings at the time of his arrest, that his indictment was not signed by the grand jury foreman, and that he did not receive the effective assistance of counsel. The trial court denied this petition on March 2, 2007. The court subsequently filed findings of fact and conclusions of law. The petitioner now appeals from this decision.
 Law and Analysis {¶ 6} Petitioner contends that the common pleas court erred by dismissing his petition without an evidentiary hearing because he supplied evidence from outside the record that he did not receive the effective assistance of counsel at trial. See R.C. 2953.21(C);State *Page 5 v. Smith (1985), 17 Ohio St.3d 98, 101 n. 1. To demonstrate that he did not receive the effective assistance of counsel, the petitioner must show, first, that his counsel's representation fell below an objective standard of reasonableness, and second, that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington (1984),466 U.S. 668, 688, 694.
 {¶ 7} Petitioner asserts his attorney did not provide objectively reasonable assistance because he (a) failed to file a notice of alibi and to contact an alibi witness, and (b) failed to investigate the time of sunrise on the day of the crime, for the purpose of cross-examining the victim at trial. With respect to the alibi witness, appellant attached to his petition an affidavit from Yolanda Henderson which states:
To Whom It May Concern:
 I Yolanda D. Henderson would have testified on behalf of the defendant Damien Peterson had his lawyer Mark Spandard subpoenaed me to testify.
 I am still willing to testify for Damien Peterson for the day in question which would be August 14th 2005 Damien Peterson was home sleeping because we both were suppose[d] to work the Cleveland Brown[s] football game (preseason).
 {¶ 8} This affidavit does not demonstrate that the petitioner's attorney was aware (or reasonably should have been aware) that Yolanda Henderson was available and willing to testify. Equally important, the affidavit does not supply an alibi because it does not show that the petitioner was sleeping at the time of the robbery. There is also no information in the *Page 6 
affidavit which would suggest that these facts would be forthcoming. For example, there are no indicia of Ms. Henderson's relationship to the petitioner or the basis for her asserted knowledge of petitioner's whereabouts, nor is there any indication whether she spoke with petitioner's counsel. Therefore, Henderson's affidavit does not raise a genuine question, sufficient to require a hearing, whether petitioner received ineffective assistance of counsel because his attorney failed to file a notice of alibi and to call an alibi witness. Cf State v.Speed, Cuyahoga App. No. 85095, 2005-Ohio-4423.
 {¶ 9} Petitioner also complains that his attorney did not provide effective assistance because he failed to investigate the time of sunrise on the day of the robbery. This issue was not raised in his petition.[1] The petitioner cannot raise this issue for the first time on appeal. See, e.g., State v. Webb, Darke App. No. 06-CA-1694,2007-Ohio-3446, ¶ 27; State v. Slagle (August 10, 2000), Cuyahoga App. No. 76834, at p. 27.
 {¶ 10} Finally, appellant has submitted the case of State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, as supplemental authority in this appeal. In Colon, the Ohio Supreme Court held that an indictment for robbery in violation of R.C. 2911.02(A)(2) omitted an essential element of the crime by failing to charge a mens rea, i.e., that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. The court *Page 7 
determined that the indictment failed to charge an offense, a constitutional, structural error not waived by failing to raise that issue in the trial court.
 {¶ 11} Colon has no application to this appeal. First, it is important to note that Colon was a direct appeal from the appellant's judgment of conviction, while this is an appeal from the dismissal of a petition for post-conviction relief. Post-conviction relief is not available to challenge the validity or sufficiency of an indictment; an adequate remedy exists by direct appeal. State ex rel. Simpson v. Lazaroff,75 Ohio St.3d 571, 1996-Ohio-571; Chapman v. Jago (1976), 48 Ohio St.2d 51;Minyard v. Morgan (June 29, 2001), Marion App. No. 9-2000-103; State v.Murr (May 26, 1995), Sandusky App. No. S-94-025.
 {¶ 12} Post-conviction relief is available only for errors based upon facts and evidence outside the record. "Errors and deficiencies in an indictment are not outside the record; therefore they can only be attacked on direct appeal. * * * It follows that a court may apply the doctrine of res judicata to bar a petition for post-conviction relief if it is based upon a claim that the indictment is insufficient or defective, since this claim would not require consideration of matters outside the original record." State v. Grimm (April 25, 1997), Miami App. Nos. 96-CA-37 and-38 (citations omitted). The petitioner did not raise the sufficiency of the indictment on direct appeal, although he could have done so. Therefore, he is barred by res judicata from raising that issue now.
 {¶ 13} Finally, even if the sufficiency or validity of the indictment could be raised by a petition for post-conviction relief, Colon does not support the contention that the indictment in this case was invalid.Colon concerned an indictment for robbery in violation of *Page 8 
R.C. 2911.02(A)(2), which provides that "No person, in attempting or committing a theft offense * * * shall do any of the following: * * * (2) Inflict, attempt to inflict, or threaten to inflict physical harm." The Colon court held that:
 "R.C. 2911.02(A)(2) does not specify a particular degree of culpability for the act of `inflict[ing], attempt[ing] to inflict, or Threaten[ing] to inflict physical harm,' nor does the statute plainly indicate that strict liability is the mental standard. As a result, [pursuant to R.C. 2901.21(B),] the state was required to prove, beyond a reasonable doubt, that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm.
Colon, 2008-Ohio-1624, ¶ 14.
 {¶ 14} In this case, the petitioner was charged with aggravated robbery in violation of R.C. 2911.01(A)(1). This charge did not contain the physical harm element at issue in Colon, but instead charged that the petitioner "[had] a deadly weapon to-wit: handgun, on or about his person or under his control and either displayed the weapon, brandished it, indicated that he possessed it, or used it."
 {¶ 15} Unlike the physical harm element, "[t]he deadly weapon element of R.C. 2911.02(A)(1), to wit, `[h]ave a deadly weapon on or about the offender's person or under the offender's control[,]' does not require the mens rea of recklessness." State v. Wharf (1999), 86 Ohio St.3d 375, paragraph one of the syllabus. "To establish a violation of R.C. 2911.02(A)(1), it is not necessary to prove a specific mental state regarding the deadly weapon element of the offense of robbery." Id., paragraph two of the syllabus. The deadly weapon element of aggravated murder is analogous, and also does not require proof of a *Page 9 
mens rea element. State v. Kimble, Mahoning App. No. 06 MA 190,2008-Ohio-1539, ¶ 29. Therefore, the indictment in this case was not insufficient.
 {¶ 16} We find no error in the trial court's decision. Accordingly, we affirm.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and MARY J. BOYLE, J., CONCUR
[1] After the court dismissed the petition, the petitioner filed a motion to supplement in which he argued that the court refused to allow the petitioner's attorney to submit a newspaper clipping regarding the time of sunrise on the day of the robbery. Contrary to the petitioner's arguments here, this suggests that his attorney did investigate this issue and attempted to submit evidence on it. *Page 1