JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Harry Briscoe ("defendant"), relying onState v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, appeals his murder and aggravated robbery convictions. For the following reasons, we affirm in part, reverse in part and remand for further proceedings.
 {¶ 2} In October 2006, defendant was charged in a four-count indictment. Counts one and two charged him with aggravated murder. Counts three and four charged him with aggravated robbery. Counts one through three carried one-and three-year firearm specifications, a felony murder specification, two notice of prior conviction specifications, and two repeat violent offender specifications.[1]
Count four, the remaining aggravated robbery charge, carried one-and three-year firearm specifications, two notice of prior conviction specifications, and two repeat violent offender specifications.
 {¶ 3} The matter proceeded to a jury trial, at which he was found guilty of murder, the lesser included offense under count two and both counts of aggravated robbery[2] The jury also found defendant guilty of the one-and three-year firearm specifications attached to all the three counts.
 {¶ 4} The notice of prior conviction and repeat violent offender specifications were bifurcated and heard by the trial court, which found defendant guilty of the notice of prior *Page 4 
conviction specification as charged in counts two, three, and four. The trial court found defendant not guilty of the repeat violent offender specifications.
 {¶ 5} The trial court sentenced defendant to three years in prison on the firearm specifications, 15 years to life for murder, and 10 years for each aggravated robbery charge, to be served concurrently to each other, but consecutively to the murder charge, for an aggregate of 28 years to life in prison.
 {¶ 6} Defendant now appeals, raising two assignments of error for our review.
 {¶ 7} "I. The trial court erred in convicting Mr. Briscoe based upon a constitutionally defective indictment that failed to state a necessary element of the charged offenses."
 {¶ 8} Under this assignment of error, defendant contends that the counts of his indictment for aggravated robbery, in violation of R.C. 2911.01(A)(1) and 2911.01(A)(3), were defective because they omitted the mens rea element of the crime. Defendant relies on State v. Colon,118 Ohio St.3d 26, 2008-Ohio-1624 ("Colon I "), to support his argument that the omission of the mens rea element constitutes structural error that requires reversal of the convictions, where the error permeates the entire criminal proceedings.
 {¶ 9} The Ohio Supreme Court, on reconsideration, clarified its decision in Colon I, in a subsequent opinion, see State v. Colon,119 Ohio St.3d 204, 2008-Ohio-3749 ("Colon II "). In Colon II, the court instructed: *Page 5 
 {¶ 10} "Applying structural-error analysis to a defective indictment is appropriate only in rare cases, such as Colon I, in which multiple errors at the trial follow the defective indictment. In Colon I, the error in the indictment led to errors that `permeate[d] the trial from beginning to end and put into question the reliability of the trial court in serving its function as a vehicle for determination of guilt or innocence.' Id. at ¶ 23. Seldom will a defective indictment have this effect, and therefore, in most defective indictment cases, the court may analyze the error pursuant to Crim. R. 52(B) plain-error analysis. Consistent with our discussion herein, we emphasize that the syllabus inColon I is confined to the facts in that case." Id. at ¶ 8 (emphasis added).
 {¶ 11} In Colon II, the Ohio Supreme Court clarified that multiple errors must permeate the trial before the omission of the mens rea from an indicted offense can be considered under a structural error analysis. Specifically, the court cited a failure to include recklessness as an element of the crime in the jury instructions, or during closing argument, and that the State treated the offense as one of strict liability.
 {¶ 12} In Colon, the Ohio Supreme Court addressed the omission of the mens rea element from an indictment for robbery in violation of R.C. 2911.02(A)(2), which provides:
 {¶ 13} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 14} "* * *
 {¶ 15} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another." *Page 6 
 {¶ 16} The court held "R.C. 2911.02(A)(2) does not specify a particular degree of culpability for the act of `inflict[ing], attempt[ing] to inflict, or threaten[ing] to inflict physical harm,' nor does the statute plainly indicate that strict liability is the mental standard. As a result, the State was required to prove, beyond a reasonable doubt, that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm." Colon I,2008-Ohio-1624, ¶ 14.[3]
 {¶ 17} This Court has subsequently addressed the application ofColon to an indictment for aggravated robbery in violation of R.C. 2911.01(A)(1). State v. Peterson, Cuyahoga App. No. 90263,2008-Ohio-4239, ¶ 15. R.C. 2911.01(A)(a) provides:
 {¶ 18} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 19} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;"
 {¶ 20} In Peterson, this Court held that Colon has no application to an indictment for aggravated robbery in violation of R.C. 2911.01(A)(1). Id. at ¶ 11. In Peterson, this Court *Page 7 
followed State v. Wharf (1999), 86 Ohio St.3d 375, paragraph one of the syllabus, in holding that "[u]nlike the physical harm element, `[t]he deadly weapon element of R.C. 2911.02(A)(1), to wit, "[h]ave a deadly weapon on or about the offender's person or under the offender's control[,]" does not require the mens rea of recklessness.'" Therefore, it is "`not necessary to prove a specific mental state regarding the deadly weapon element of the offense of robbery [in violation of R.C. 2911.02(A)(1)].'"[4] Id., quoting Wharf at paragraph two of the syllabus; see, also, State v. Saucedo, Cuyahoga App. No. 90263,2008-Ohio-3544; State v. Wade, Cuyahoga App. No. 90145, 2008-Ohio-4870
("R.C. 2911.01(A)(1) is a strict liability offense, and the State did not err by failing to charge the mental element.")
 {¶ 21} Accordingly, defendant's indictment for aggravated robbery in violation of R.C. 2911.01(A)(1) was not defective and the first assignment of error is overruled as to that conviction.
 {¶ 22} However, in this case, defendant was also charged with, and convicted of, aggravated robbery in violation of R.C. 2911.01(A)(3), which provides: *Page 8 
 {¶ 23} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 24} "* * *
 {¶ 25} "(3) Inflict, or attempt to inflict, serious physical harm on another."
 {¶ 26} The Ohio Supreme Court has determined that the required mental state under R.C. 2911.02(A)(2) is recklessness. Colon I, at ¶ 12-14. A comparison of analogous provisions contained in R.C. 2911.01(A)(3) leads us to conclude that the required mental state under that statute is recklessness. See Colon I, at ¶ 12-14; R.C. 2901.21(B); see, also,State v. Alvarez, Defiance App. No. 4-08-02,
 {¶ 27} 2008-Ohio-5189, ¶ 18.
 {¶ 28} The State contends that Colon should not be applied to R.C. 2911.01(A)(3) because the defendant did not suggest where "reckless" should be inserted into the statute. The Ohio Jury Instructions Committee has revised jury instructions pertaining to aggravated robbery to comport with Colon. See State v. Ferguson, Franklin App. No. 07AP-640, 2008-Ohio-3827, at ¶ 48, citing 4 Ohio Jury Instructions (2008), Section 511.01(A)(3) (Revised 5/3/08) ("In revising the jury instruction for aggravated robbery, the committee inserted the term `recklessly' to the provisions of R.C. 2911.01(A)(3), i.e., that the defendant, while committing or attempting to commit a theft offense `recklessly' inflicted or attempted to inflict serious physical harm on the victim.") *Page 9 
 {¶ 29} Based on the rationale set forth by the Ohio Supreme Court inColon I, the failure to include the requisite mens rea of recklessness in defendant's indictment for aggravated robbery in violation of R.C. 2911.01(A)(3) rendered it defective. Applying the dictates set forth by the Ohio Supreme Court in Colon II to the record in this case, a structural error analysis is required. This is because the indictment lacked the requisite mens rea element, there is no evidence that defendant had notice of the mens rea element of this offense, nor was there any instruction to the jury on the mens rea element of this offense, nor did the parties discuss or refer to recklessness as being an element to this aggravated robbery count in closing arguments. Therefore, this case presents essentially the same accumulation of errors that lead to a finding of structural error that required reversal in Colon. Accord, Alvarez, supra at ¶ 22, fn. 1. Accordingly, defendant's conviction for aggravated robbery in violation of R.C. 2911.01(A)(3) and the specifications related to it are reversed.
 {¶ 30} This assignment of error is overruled in part and sustained in part.
 {¶ 31} "II. The trial court erred in convicting Mr. Briscoe of murder and firearm specifications based upon a constitutionally defective indictment that failed to state a necessary element of the offenses underlying the count of murder and the firearm specifications."
 {¶ 32} Defendant ties his argument under this assignment of error to his previously asserted position that both counts of aggravated robbery against him were defective. Since we have found no error concerning his indictment and conviction for aggravated robbery *Page 10 
pursuant to R.C. 2911.01(A)(1), his argument under this assignment of error necessarily fails. Aggravated robbery with a deadly weapon is a strict liability offense. Accordingly, it was not necessary to prove a specific mental state regarding the deadly weapon element of the predicate offense of aggravated robbery to obtain a conviction under R.C. 2903.02(B) or the related firearm specifications.[5]
 {¶ 33} Further, according to the record the parties agreed to the jury instruction on R.C. 2903.02(B) as a lesser included offense to the charge of aggravated murder. "Under the invited-error doctrine, a party will not be permitted to take advantage of an error that he himself invited or induced the trial court to make." State ex rel. V Cos. v.Marshall (1997), 81 Ohio St.3d 467, 471, citing State ex rel. Fuqua v.Alexander (1997), 79 Ohio St.3d 206, 208, other citations omitted.
 {¶ 34} Finally, while the defense placed several objections to the jury instructions on the record, the defense did not object to the jury instruction given on the lesser included offense of R.C. 2903.02(B).
 {¶ 35} Assignment of Error II is overruled.
Judgment affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion. *Page 11 
It is ordered that appellee and appellant shall each pay their respective costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for further proceedings.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and MELODY J. STEWART, J., CONCUR KEYWORD SUMMARY
[1] The felony murder specifications were dismissed by the State prior to trial.
[2] The trial court granted defendant's motion for acquittal on count one.
[3] "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense." R.C. 2901.21(B).
[4] Which provisions are substantially similar for purposes of determining the applicable mens rea as those contained in R.C. 2911.01(A)(1). See Peterson, supra; see, also, State v. Kimble, Mahoning App. No. 06 MA 190, 2008-Ohio-1539. R.C. 2911.02(A)(1) provides "(A) [n]o person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
"(1) Have a deadly weapon on or about the offender's person or under the offender's control."
[5] "[A] firearm specification does not constitute a separate offense and therefore does not impose a culpable mental state. Firearm specifications are penalty enhancements that attach to an underlying offense, thus do not include a specific mens rea of their own."State v. Cook, Summit App. No. 24058, 2008-Ohio-4841, ¶ 8, internal citations omitted.
 *Page 1