[Cite as *State ex rel. Briscoe v. Matia*, 128 Ohio St.3d 365, 2011-Ohio-760.]

THE STATE EX REL. BRISCOE, APPELLANT, *v.* MATIA, JUDGE, ET AL.,
APPELLEES.

[Cite as *State ex rel. Briscoe v. Matia*, 128 Ohio St.3d 365, 2011-Ohio-760.]

*Mandamus — New trial sought — Appellant had an adequate remedy at law —*
*Judgment affirmed.*

(No. 2010-1792 — Submitted February 16, 2011 — Decided February 23, 2011.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 95414, 2010-Ohio-4144.

_____

**Per Curiam.**

{¶ 1}  We affirm the judgment of the court of appeals denying and dismissing the claim of appellant, Harry Briscoe, for a writ of mandamus to compel appellees, Cuyahoga County Court of Common Pleas Judge David T. Matia and Mansfield Correctional Institution Warden Keith Smith, to convey Briscoe back to the common pleas court for further proceedings in his criminal case.  Briscoe asked to be readjudicated consistent with the court of appeals' judgment in his previous appeal, *State v. Briscoe*, Cuyahoga App. No. 89979, 2008-Ohio-6276.[1]  We affirmed at 124 Ohio St.3d 117, 2009-Ohio-6540, 919 N.E.2d 735.

{¶ 2}  Briscoe was convicted of murder and two counts of aggravated robbery and various specifications and was sentenced to an aggregate prison term of 28 years to life.  *Briscoe*, 2008-Ohio-6276, at ¶ 3-5.  On appeal, the court of appeals affirmed Briscoe's convictions and sentence for murder, one of the

_____

1. The court of appeals subsequently recognized that based on our decision in *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, the pertinent portion of its holding in *Briscoe* was no longer viable. See *State v. Segines*, Cuyahoga App. No. 89915, 2010-Ohio-5112, ¶ 7.

aggravated-robbery counts, and the related specifications to these charges, reversed Briscoe's convictions and sentence for the remaining aggravated-robbery count and related specifications, and remanded the cause for further proceedings consistent with its opinion. Id. at ¶ 20-21, 29, 35. On further appeal, we affirmed. *State v. Briscoe*, 124 Ohio St.3d 117, 2009-Ohio-6540, 919 N.E.2d 735.

{¶ 3} On remand, Judge Matia vacated the aggravated-robbery charge and related specifications that had been reversed by the court of appeals in *Briscoe*, 2008-Ohio-6276. Briscoe's aggregate prison sentence remained the same – 28 years to life. Briscoe appeared in court for the resentencing in May 2010 and for the court's correction of a clerical error in sentencing in August 2010.

{¶ 4} When Briscoe was not transferred to the Cuyahoga County sheriff for a new trial, he filed a petition in the court of appeals for a writ of mandamus to compel appellees to transfer him pursuant to R.C. 2953.13, which directs:

{¶ 5} "If a new trial is ordered or the case is remanded, the warden shall forthwith cause the defendant to be conveyed to the jail of the county in which the defendant was convicted, and committed to the custody of the sheriff of that county."

{¶ 6} The court of appeals denied and dismissed Briscoe's writ claim. *State ex rel. Briscoe v. Matia*, Cuyahoga App. No. 95414, 2010-Ohio-4144.

{¶ 7} In this appeal, instead of claiming entitlement to the writ of mandamus requesting that he be conveyed to the common pleas court under R.C. 2953.13, Briscoe seeks the writ to "compel the trial court to provide [him] with a new trial" or "dismiss the case * * * entirely" because of structural error. Briscoe waived these claims because he failed to plead them in his petition. See *State ex rel. Scruggs v. Sadler*, 102 Ohio St.3d 160, 2004-Ohio-2054, 807 N.E.2d 357, ¶ 6.

**{¶ 8}** Moreover, nothing in the court of appeals' opinion in *Briscoe*, 2008-Ohio-6276, required either a new trial or a dismissal of all the crimes for which Briscoe was convicted and sentenced. In fact, the court of appeals affirmed Briscoe's convictions and sentence for murder and for one of the aggravated-robbery counts with related specifications, and we affirmed that judgment. *Briscoe*, 124 Ohio St.3d 117, 2009-Ohio-6540, 919 N.E.2d 735.

**{¶ 9}** Briscoe also had an adequate remedy in the ordinary course of law by way of appeal from Judge Matia's judgment on remand to raise these claims. See *State ex rel. Voleck v. Powhatan Point*, 127 Ohio St.3d 299, 2010-Ohio-5679, 939 N.E.2d 819, ¶ 7 ("Mandamus will not issue when the relators have an adequate remedy in the ordinary course of law"); R.C. 2731.05.

**{¶ 10}** Finally, insofar as Briscoe's claim for the dismissal of his entire criminal case essentially seeks release from prison, habeas corpus, and not mandamus, is the appropriate action. *State ex rel. Gordon v. Murphy*, 112 Ohio St.3d 329, 2006-Ohio-6572, 859 N.E.2d 928, ¶ 5.

**{¶ 11}** Therefore, Briscoe's appeal lacks merit, and we affirm the judgment of the court of appeals. Our disposition of this appeal renders Judge Matia's motion to strike Briscoe's merit brief moot.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Harry Briscoe, pro se.

_____