[Cite as *State ex rel. Jackson v. Sutula*, 2011-Ohio-6086.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97157

## STATE OF OHIO, EX REL. ELVESTER JACKSON

RELATOR

vs.

## JUDGE KATHLEEN A. SUTULA, ET AL.

RESPONDENT

## JUDGMENT:
## WRIT DENIED

Writ of Mandamus
Motion Nos. 447574 and 449188
Order No. 448680

**RELEASED DATE:** November 18, 2011

**FOR RELATOR**

Elvester Jackson #A563-602
Mansfield Correctional Institution
P. O. Box 788
Mansfield, OH 44901

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:   James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶ 1}   Elvester Jackson has filed a complaint for a writ of mandamus.  Jackson seeks an order from this court that requires Judge Kathleen A. Sutula and the warden of the Mansfield Correctional Institution, Terry Tibbals, to convey him to the Cuyahoga County Court of Common Pleas pursuant to R.C. 2953.13 and the appellate judgment as rendered by this court in *State v. Jackson*, Cuyahoga App. No. 93079, 2010-Ohio-3500. Judge Sutula and Warden Tibbals have filed motions for summary judgment, which are granted.

{¶ 2}   In order for this court to issue a writ of mandamus, Jackson must demonstrate that: (1) he possesses a clear legal right to be conveyed from the Mansfield

Correctional Institution to the Cuyahoga County Court of Common Pleas; (2) Judge Sutula and Warden Tibbals possess a duty to have Jackson conveyed from the Mansfield Correctional Institution to the Cuyahoga County Court of Common Pleas; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914; *State ex rel. Harris v. Rhodes* (1978), 54 Ohio St.2d 41, 374 N.E.2d 641. Herein, Jackson argues that he possesses a right to be transported to the Cuyahoga County Court of Common Pleas pursuant to R.C. 2953.13, which provides that when a defendant has been committed to a state correctional institution and the judgment of commitment is reversed on appeal or a new trial is ordered, the defendant shall be either discharged or conveyed to the jail of the county in which he or she was   convicted.

{¶ 3}   The opinion, as rendered by this court in *State v. Jackson*, supra, however, did not reverse Jackson's conviction nor did the opinion order a new trial. In fact, Jackson's drug trafficking convictions and resulting prison sentence were affirmed on appeal. Id. Jackson possesses no right per R.C. 2953.13 to be conveyed from the Mansfield Correctional Institution to the Cuyahoga County Court of Common Pleas nor does Judge Sutula or Warden Tibbals possess any duty to convey Jackson from the Mansfield Correctional Institution to the Cuyahoga County Court of Common Pleas. *State ex rel. Briscoe v. Matia*, 128 Ohio St.3d 365, 2011-Ohio-760, 944 N.E.2d 667.

{¶ 4}   Accordingly, we grant summary judgment on behalf of Judge Sutula and Warden Tibbals. Costs to Jackson. It is further ordered that the Clerk of the Eighth

District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

Writ denied.


KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR