[Cite as *State v. Liles*, 2022-Ohio-1713.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 1-21-60

    v.

DEMOND LILES,                         O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2013 0072

Judgment Affirmed

Date of Decision: May 23, 2023

APPEARANCES:

    *Dustin M. Blake* for Appellant

    *Jana E. Emerick* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant, Demond Liles ("Liles"), appeals the November 12, 2021 judgment entry of the Allen County Court of Common Pleas dismissing his successive postconviction petition. For the reasons that follow, we affirm.

*Facts and Procedural History*

{¶2} In 2014, Liles pled guilty to four counts of trafficking in cocaine—felonies of varying degrees—and to various specifications with those counts. Liles was sentenced to an aggregate term of twenty-five years in prison. On appeal, this Court affirmed. *State v. Liles*, 3d Dist. Allen No. 1-14-61, 2015-Ohio-3093, ¶ 45. Thereafter, Liles filed his first petition for postconviction relief, which was dismissed by the trial court upon the filing of findings of fact and conclusions of law. This Court affirmed the dismissal on appeal. *State v. Liles*, 3d Dist. Allen No. 1-16-33, 2017-Ohio-240, ¶ 1.

{¶3} In July 2021, Liles filed a successive petition for postconviction relief. The State filed a response and motion to dismiss on the basis of lack of jurisdiction. The trial court initially denied the State's motion to dismiss, relying on Civ.R. 12(B)(6) as a basis for denial of the motion. The State subsequently filed a motion requesting a ruling on its prior motion to dismiss for lack of jurisdiction. Liles filed a response to that motion, and the State filed a response to Liles' response. On November 12, 2021, the trial court filed a judgment entry finding the State's motion

Case No. 1-21-60

to dismiss for lack of jurisdiction well taken and dismissing Liles' successive

postconviction petition.

{¶4} Liles filed this appeal, raising three assignments of error for our review.

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING WHERE APPELLANT PROVIDED NEW EVIDENCE DEMONSTRATING A SUFFICIENT FACTUAL BASIS FOR RELIEF FROM HIS CONVICTION WHICH WAS SECURED IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE FIRST, FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 2, 5, 9, 10 AND 16 OF THE OHIO CONSTITUTION AND PURSUANT TO *BRADY V. MARYLAND*, 373 U.S. 83 (1963), *KYLE V. WHITLEY*, 514 U.S. 419, 434, AND *GIGLIO V. UNITED STATES*, 405 U.S. 150 (1972).**

**ASSIGNMENT OF ERROR NO. 2**

**THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING WHERE APPELLANT PROVIDED NEW EVIDENCE DEMONSTRATING A SUFFICIENT FACTUAL BASIS FOR RELIEF FROM HIS CONVICTION ON THE BASIS THAT TRIAL COUNSEL AND POST-TRIAL COUNSEL WERE INEFFECTIVE IN VIOLATION OF HIS RIGHTS AS GUARANTEED BY THE FIRST, FIFTH, SIXTH, EIGHTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 2, 5, 9, 10 AND 16 OF THE OHIO CONSTITUTION.**

## ASSIGNMENT OF ERROR NO. 3

**THE TRIAL COURT ERRED IN FAILING TO CONSIDER OHIO'S POST-CONVICTION PROCEDURES AS CONSTITUTIONALLY INADEQUATE.**

**{¶5}** We will address Liles' first and second assignments of error together. Our analysis of those assignments of error focuses on whether the trial court erred by dismissing Liles' successive postconviction petition without a hearing.

*Legal standard and standard of review*

**{¶6}** Under R.C. 2953.23, "a court may not entertain a petition filed after the expiration of the period prescribed in [R.C. 2953.21(A)] or a second petition or successive petitions for similar relief on behalf of a petitioner unless [R.C. 2953.23(A)(1) or (2)] applies." R.C. 2953.23(A). As relevant to this case, a trial court may consider an untimely, successive petition only if both of the following apply:

> **(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.**

> **(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing,**

-4-

**no reasonable factfinder would have found the petitioner eligible for the death sentence.**

R.C. 2953.23(A)(1)(a)-(b); *see State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 36. Unless the petitioner establishes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider a successive petition for postconviction relief. *State v. Cunningham*, 3d Dist. Allen No. 1-15-61, 2016-Ohio-3106, ¶ 13. Where the trial court lacks jurisdiction to consider a successive postconviction petition, "the petition is subject to dismissal without a hearing." *State v. Hendrix*, 1st Dist. Hamilton Nos. C-190701 and C-190702, 2021-Ohio-3470, ¶ 13. We review de novo whether the trial court had subject-matter jurisdiction to entertain Liles' petition. *State v. Bethel*, -- Ohio St.3d --, 2022-Ohio-783, ¶ 20, citing *Apanovitch* at ¶ 24.

**{¶7}** Further, the doctrine of res judicata generally bars a convicted defendant from litigating a postconviction claim that was raised or could have been raised at trial or on direct appeal. *Id.* at ¶ 17, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

*Legal Analysis*

**{¶8}** On appeal, Liles contends the new evidence he submitted with his successive postconviction petition is allegedly exculpatory evidence that had been withheld by the State in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and there is a reasonable probability that the result of the proceeding would have been

different had that evidence been disclosed to the defense. Liles attached five exhibits to his postconviction petition: the affidavit of Dustin Blake (Exhibit A, with sub-exhibits); the affidavit of Kenneth Rexford (Exhibit B); the affidavit of Demond Liles (Exhibit C); the indictment filed in the federal criminal prosecution of former Allen County Sheriff Samuel Crish (Exhibit D); and the judgment entry of conviction and sentence in the federal prosecution of former Allen County Sheriff Samuel Crish (Exhibit E).

**{¶9}** Based on these documents attached to his petition, Liles argues in his first assignment of error that the suppressed evidence, former Allen County Sheriff Samuel "Crish's misconduct and irregular actions during the investigation as now reported by Task Force officers, qualifies as evidence favorable to Liles." (Appellant's Brief at 16). Liles also argues that "new evidence regarding the same Task Force previously trying and failing to secure a controlled buy of illegal narcotics from Liles a couple years previous is certainly also evidence favorable to Liles." *Id.* In his second assignment of error, Liles argues that his trial counsel failed to have adequately investigated the issues relating to former Allen County Sheriff Crish; that his trial counsel was ineffective for failing to advise him of the available defenses of entrapment and outrageous governmental conduct; and that he was deprived the effective assistance of counsel with regard to his appellate and prior postconviction counsel.

{**¶10**} In dismissing Liles' petition without an evidentiary hearing, the trial court specifically stated, under R.C. 2953.23(A)(1)(b), petitioner must show by clear and convincing evidence that no reasonable factfinder would have found him guilty but for the constitutional error at trial. The trial court concluded from the evidence Liles alleged that this standard to establish jurisdiction could not be met. Given the facts alleged by Liles, the trial court could not "envision a reasonable fact finder finding Liles not guilty even with effective counsel and full disclosure of the Sheriff's corrupt practices." (Nov. 12, 2021 Judgment Entry, p. 2).

{**¶11**} As the Ohio Supreme Court has recently explained in *State v. Bethel*, -- Ohio St.3d --, 2022-Ohio-783, the question under R.C. 2953.23(A)(1)(b) "goes to the heart of *Brady's* third prong, which requires [petitioner] to show that ' " there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." ' " *Bethel* at ¶ 31. Pursuant to the *Brady* standard, "[petitioner] must prove that 'in the context of the entire record,' * * * suppression of the [undisclosed evidence] ' "undermines confidence in the outcome of the trial." ' " *Id.* at ¶ 32, quoting *Kyles* at 434, quoting *Bagley* at 678.

{**¶12**} Several Ohio appellate courts have held that a petitioner cannot meet the requirement of R.C. 2953.23(A)(1)(b) where the defendant pled guilty and has had no trial. *See, e.g., State v. Hairston,* 10th Dist. Franklin No. 13AP-225, 2013-Ohio-3834, ¶ 8 ("[A]ppellant was convicted pursuant to his guilty plea, not a trial.

* * * Therefore, the exception found in R.C. 2953.23(A)(1) does not allow the trial court to consider appellant's second petition."); *State v. Demyan*, 9th Dist. Lorain No. 11CA010096, 2012-Ohio-3634, ¶ 4 ("[B]ecause he pleaded guilty instead of going to trial, he cannot demonstrate that, 'but for constitutional error at trial, no reasonable factfinder would have found [him] guilty[.]' "); *State v. Clark*, 5th Dist. Stark No. 2007 CA 00206, 2008-Ohio-194, ¶ 18 ("[A]ppellant cannot satisfy the additional requirement found in R.C. 2953.23(A)(1)(b) * * * (i.e., '* * * but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense * * *'), because appellant was convicted based on his entry of a guilty plea to the charges in the indictment."); *State v. Pough*, 11th Dist. Trumbull No. 2003-T-0129, 2004-Ohio-3933, ¶ 17 ("Where a petitioner's conviction results from a guilty plea rather than trial, R.C. 2953.23(A)(1)(b) does not apply."); *see State v. Moore*, 8th Dist. Cuyahoga No. 82734, 2003-Ohio-4819, ¶ 16.

{¶13} Even with Liles' allegations regarding allegedly withheld evidence, he cannot demonstrate by clear and convincing evidence that, "but for constitutional error at trial, no reasonable factfinder would have found [him] guilty[.]" R.C. 2953.23(A)(1)(b). In this case, Liles was convicted pursuant to his guilty plea, not a trial. As a result, Liles' allegations rely on the evidence attached to his successive postconviction petition, so neither Liles nor this Court have a trial record upon which to rely in making the review necessitated by R.C. 2953.23(A)(1)(b).

**{¶14}** Further, we note that Liles' successive postconviction petition faced the additional jurisdictional hurdle of establishing that he was "unavoidably prevented from discovery of the facts upon which" he relies. R.C. 2953.23(A)(1)(a). In order to properly consider this additional requirement, we review the dismissal of Liles' initial petition for postconviction relief.

**{¶15}** The first petition as noted above was dismissed and the judgment was affirmed on appeal. In his first petition, "Liles stated as grounds for relief that he received ineffective assistance of counsel and that his guilty pleas 'were secured through vindictiveness by the government,' both in violation of his constitutional rights." *State v. Liles*, 3d Dist. Allen No. 1-16-33, 2017-Ohio-240, at ¶ 3. As previously noted by this Court in affirming the dismissal of that petition, "Liles's arguments concerning 'outrageous government conduct' were known to him at the time he entered into a plea agreement in this case and at the time of his sentencing." *Id.* at ¶ 23. Accordingly, the Court concluded that, "any arguments related to this purportedly 'outrageous government conduct' on the part of Sheriff Crish were available to Liles at the time of his direct appeal and are therefore barred by res judicata." *Id.* at ¶ 25.

**{¶16}** While it may be true on appeal of his successive petition that Liles did not obtain the actual documents upon which he now seeks to rely until March 2020, as stated in his response to the State's renewed motion to dismiss, we note that in

his successive postconviction petition he is attempting to raise the same issues, based on the same "general facts," as raised in the initial petition. *See id.*

{¶17} Nevertheless, even assuming that Liles could demonstrate that he was unavoidably prevented from discovering the facts upon which he now relies on to present his claims, he still cannot satisfy the requirement of R.C. 2953.23(A)(1)(b) that but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses for which he was convicted.

{¶18} Accordingly, because Liles cannot establish the applicability of the exception found in R.C. 2953.23(A)(1) that would allow the trial court to consider his untimely, successive postconviction petition, the trial court did not err in dismissing the petition for lack of jurisdiction. Liles' first and second assignments of error are overruled.

*Third Assignment of Error*

{¶19} In his third assignment of error, Liles argues that Ohio's postconviction procedures, or R.C. 2953.21 and R.C. 2953.23, provide a constitutionally inadequate corrective process. Specifically, Liles argues that the process should be deemed unconstitutional because of its failure to afford petitioners "the benefit of the discovery process" and notes that it "imposes a nearly impossible pleading standard on petitioners." (Appellant's Brief at 23). "The relevant statute,

Ohio Revised Code 2953.21(A), mandates that a petitioner must include affidavits or evidence dehors the record in support of the claims contained in his petition." *Id.*

{¶20} Liles did challenge the constitutionality of R.C. 2953.21 in the trial court and has specifically argued that R.C. 2953.21 is unconstitutional in his appellate brief. Additionally, it is apparent that the trial court did not consider the constitutionality of R.C. 2953.21.

{¶21} We first note that the right to file a postconviction relief petition is a statutory right, not a constitutional right. *State v. Yarbrough*, 3d Dist. No. 17-2000-10, 2001-Ohio-2351, *11. As the Ohio Supreme Court has stated, "postconviction state collateral review itself is not a constitutional right, even in capital cases." *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). Additionally, the Ohio Supreme Court has explained:

> **State collateral review itself is not a constitutional right. * * * Further, a postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment. * * * Therefore, a petitioner receives no more rights than those granted by the statute.**

*State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999).

{¶22} Further, we note this Court has stated in *Yarbrough* that:

> **We cannot say that the failure to afford a postconviction relief petitioner discovery during the initial proceeding to determine whether an evidentiary hearing is warranted renders the postconviction relief process unconstitutional. Ohio case law has affirmatively established that the lack of discovery during the initial stages of the postconviction process does not violate any**

**constitutional rights of the postconviction relief petitioner. At least one Ohio appellate court has held that the failure to afford a postconviction relief petitioner discovery during the initial proceeding to determine whether an evidentiary hearing is warranted does not render the postconviction relief process unconstitutional. *See State v. La Mar* (Mar. 17, 2000), Lawrence App. No. 98 CA 23, unreported (holding that lack of discovery during the initial stages of the postconviction process is based upon sound logic and does not violate any constitutional rights of the petitioner). We agree and likewise find that the failure to afford a postconviction relief petitioner discovery during the initial proceeding to determine whether an evidentiary hearing is warranted does not render the postconviction relief process unconstitutional.**

*Yarbrough* at \*11.

**{¶23}** In its decision upholding the denial of a petitioner's third petition for postconviction relief, the Twelfth District Court of Appeals addressed the constitutionality of Ohio's postconviction relief statutory scheme and found such to be constitutional. *State v. Lawson*, 12th Dist. Clermont No. CA2011-07-056, 2012-Ohio-548, ¶ 26-33, citing, *e.g., State v. McGuire*, 12th Dist. Preble No. CA2000-10-011 (Apr. 23, 2001). *See also State v. Cowans*, 12th Dist. Clermont No. CA98-10-090 (Sept. 7, 1999), \*3 ("Although Crim. R. 35(A) does require brevity in arguing each individual claim, we find the page limitation constitutional."). Other courts have similarly upheld Ohio's postconviction relief statutory scheme as constitutional. *See, e.g., State v. La Mar*, 4th Dist. Lawrence No. 98 CA 23 (Mar. 17, 2000), \*2-5; *State v. McGrath*, 8th Dist. Cuyahoga No. 97207, 2012-Ohio-816, ¶ 12-14.

-12-

{¶24} In this case, despite Liles' request, this Court sees no reason to revisit *Yarbrough*. The Court also fails to see how the standard set forth in R.C. 2953.21 has denied Liles from making any constitutional argument on a prior occasion. As set forth in our recitation of the facts and procedural history, Liles has been afforded the right to a prior petition for postconviction relief. Consequently, we overrule Liles' third assignment of error.

{¶25} For the foregoing reasons, the judgment of the trial court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN, P.J. and MILLER, J., concur.**

**/jlr**