[Cite as *State v. Coleman*, 2023-Ohio-4354.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-03-037 |
| | : | O P I N I O N |
| - vs - | | 12/4/2023 |
| | : | |
| PHILLIP COLEMAN III, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR 2014 03 0530

Michael T. Gmoser, Butler County Prosecuting Attorney, and John Heinkel, Assistant Prosecuting Attorney, for appellee.

Phillip Coleman III, pro se.

**M. POWELL, J.**

{¶ 1} Appellant, Phillip Coleman, III, appeals a decision of the Butler County Court of Common Pleas denying his untimely petition for postconviction relief.

{¶ 2} Appellant was indicted in 2014 on one count of murder with accompanying firearm and repeat violent offender specifications and one count of having weapons while under disability. Under the indictment, appellant was subject to prison terms of 15 years to

life on the murder charge, three years on the firearm specification, up to ten years on the repeat violent offender specification, and up to three years on the having weapons while under disability charge. Following plea negotiations, appellant entered a guilty plea to a reduced charge of involuntary manslaughter with an accompanying firearm specification. On August 13, 2014, the trial court sentenced appellant to 14 years in prison, consisting of 11 years for involuntary manslaughter and a consecutive three-year prison term for the firearm specification. Appellant did not file a direct appeal.

{¶ 3} On June 6, 2022, appellant filed a pro se petition for postconviction relief ("PPCR"), arguing that his constitutional rights were violated because the indictment pursuant to which he was charged was not signed by the grand jury foreperson and his trial counsel was ineffective for failing to challenge the defective indictment. The state moved to dismiss the PPCR. Appellant filed a "Motion to Rebuttal" in opposition to the state's motion to dismiss, reiterating his arguments. The motion also asserted that appellant was not given a preliminary hearing "due to supposedly being indicted."

{¶ 4} On March 20, 2023, the trial court denied appellant's PPCR without an evidentiary hearing. The trial court found that trial counsel was not ineffective by failing to challenge the unsigned indictment because the state could have sought an amended indictment; furthermore, as a result of the negotiated plea deal, appellant was sentenced to a 14-year prison term instead of the potential prison term of up to 31 years to life appellant faced under the indictment. The trial court also found that the PPCR was untimely and barred by res judicata. Finally, the trial court found that appellant was not entitled to an evidentiary hearing on his PPCR because the petition did not present substantive grounds for relief.

{¶ 5} Appellant now appeals, raising three assignments of error.

{¶ 6} Assignment of Error No. 1:

{¶ 7} DEFENDANT'S OH. CONST. ARTICLE I SECTION 10 HAS BEEN VIOLATED. UNITED STATES CONSTITUTION FIFTH AMENDMENT RIGHT HAS BEEN VIOLATED. CRIM.R. 5, CRIM.R. 6, CRIM.R. 7, AND R.C. 2923.20 HAVE BEEN VIOLATED FOR DEFENDANT IS BEING ILLEGALLY HELD IN PRISON FOR AN INDICTMENT NOT LAWFULLY FOUND OR RETURNED BY THE GRAND JURY NOR WAS HE GIVEN A PRELIMINARY HEARING.

{¶ 8} Appellant argues that his constitutional rights were violated and the trial court lacked jurisdiction because he was not afforded a preliminary hearing in violation of Crim.R. 5 and his indictment was not signed by the grand jury foreperson in violation of Crim.R. 6 and R.C. 2939.20.

**Appellant's Preliminary Hearing Arguments**

{¶ 9} Appellant did not raise the preliminary hearing issue in his PPCR. It is "well-settled that issues not raised in the trial court may not be raised for the first time on appeal." *State v. Murray*, 12th Dist. Brown No. CA2015-12-029, 2016-Ohio-4994, ¶ 27, fn. 1. Even if, arguendo, the issue was raised in appellant's "rebuttal motion," his constitutional rights were not violated by the lack of a preliminary hearing.

{¶ 10} "The only purpose of a preliminary hearing is to determine whether sufficient facts exist to warrant the court in binding the accused over to the grand jury and to set bail, and once an indictment has been returned by the grand jury, a preliminary hearing before a magistrate is no longer necessary." *State v. Morris*, 42 Ohio St.2d 307, 325-326 (1975). Likewise, while Crim.R. 5(B) provides that a defendant is entitled to a preliminary hearing in a felony case, the rule specifically states that the "preliminary hearing shall not be held * * * if the defendant is indicted." "An accused has no constitutional right to a preliminary hearing when an indictment is returned." *State ex rel. Haynes v. Powers*, 20 Ohio St.2d 46, 48 (1969).

**Failure of the Grand Jury Foreperson to Sign the Indictment**

{¶ 11} The grand jury foreperson is required to sign all indictments under Crim.R. 6(C) and (F) and R.C. 2939.20. It is undisputed that appellant's indictment was not signed by the grand jury foreperson. It is well established, however, that "a grand jury foreperson's failure to sign an indictment does not deprive the trial court of jurisdiction or otherwise entitle a criminal defendant convicted and sentenced on the indictment to a writ of habeas corpus." *VanBuskirk v. Wingard*, 80 Ohio St.3d 659, 660, 1998-Ohio-173. Rather, the lack of the grand jury foreperson's signature on the indictment relates to the indictment's sufficiency and should be raised on direct appeal. *Kroger v. Engle*, 53 Ohio St.2d 165 (1978). Additionally, appellant waived any defect in the indictment by pleading guilty. *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, ¶ 73; *State v. Oliver*, 12th Dist. Clermont No. CA2020-07-041, 2021-Ohio-2543, ¶ 31.

{¶ 12} Appellant's first assignment of error is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} DEFENDANT'S UNITED STATES CONSTITUTION SIXTH AMENDMENT RIGHT WAS VIOLATED FOR COUNSEL FAILED TO OBJECT OR CHALLENGE DEFECTIVE INDICTMENT, AND DID NOT FILE MOTION TO DISMISS DUE TO DEFENDANT NOT HAVING A PRELIMINARY HEARING OR VALID INDICTMENT, AND WITHHELD LEGAL DOCUMENTS.

{¶ 15} Appellant argues that his trial counsel was ineffective because he failed to provide him with a copy of the indictment, challenge the unsigned indictment, and move to dismiss the charges against him based upon the defective indictment. Appellant also raises the failure to afford him a preliminary hearing.

{¶ 16} "To prevail on an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that (1) his counsel's performance was deficient and

(2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty." *State v. Arledge*, 12th Dist. Clinton No. CA2018-12-024, 2019-Ohio-3147, ¶ 8, citing *State v. Bird*, 81 Ohio St.3d 582, 585, 1998-Ohio-606. The failure to make an adequate showing on either prong is fatal to a claim of ineffective assistance of counsel. *State v. Leonicio*, 12th Dist. Butler No. CA2022-08-077, 2023-Ohio-2433, ¶ 24.

{¶ 17} Appellant's PPCR did not claim ineffective assistance of counsel based upon trial counsel's failure to provide him with a copy of the indictment and failure to seek dismissal of the charges due to the defective indictment and lack of a preliminary hearing. Because issues not raised in the trial court may not be raised for the first time on appeal, we will not consider appellant's arguments. *Murray*, 2016-Ohio-4994 at ¶ 27, fn. 1; *State v. Ludwick*, 4th Dist. Highland No. 22CA9, 2023-Ohio-1113, ¶ 25.

{¶ 18} Trial counsel's failure to challenge the unsigned indictment did not constitute ineffective assistance of counsel. Having rejected appellant's argument on the issue of the unsigned indictment in the first assignment of error, his claim of ineffective assistance of counsel based upon the same ground is likewise without merit. *See State v. Dahlberg*, 11th Dist. Ashtabula No. 2020-A-0030, 2021-Ohio-550, ¶ 89; *State v. Henderson*, 39 Ohio St.3d 24, 33 (1988) ("The grounds which underlie each of these instances have already been separately addressed and found to be without merit. Accordingly, we need not address the counsel-performance component of these grounds"). Additionally, even if trial counsel had challenged the indictment and it had been dismissed as defective, it would not have prevented the state from re-presenting the case to the grand jury and obtaining another indictment.

{¶ 19} Furthermore, appellant is barred by res judicata from raising trial counsel's failure to challenge the unsigned indictment. Under res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and

litigating in any proceeding except an appeal from judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment. *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, syllabus.

{¶ 20} The presentation of competent, relevant, and material evidence outside the record may defeat the application of res judicata. *State v. Barron*, 12th Dist. Warren No. CA2022-09-059, 2023-Ohio-1249, ¶ 14. "With the exception of certain ineffective assistance of counsel claims, the evidence relied upon must not be evidence that was in existence or available for use at the time of trial or direct appeal." *Id.* "Post-conviction relief is available only for errors based upon facts and evidence outside the record. Errors and deficiencies in an indictment are not outside the record; therefore they can only be attacked on direct appeal." *State v. Peterson*, 8th Dist. Cuyahoga No. 90263, 2008-Ohio-4239, ¶ 12. Because appellant failed to raise the defective indictment issue on direct appeal, he is barred by res judicata from raising trial counsel's failure to challenge the defective indictment now. *Id.*

{¶ 21} Appellant's second assignment of error is overruled.

{¶ 22} Assignment of Error No. 3:

{¶ 23} DEFENDANT'S RIGHT TO PCR WAS VIOLATED. TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S POST CONVICTION HEARING AND VIOLATED RULES SET FORTH IN R.C. 2953.23.

{¶ 24} Appellant argues that the trial court erred by denying his PPCR without a hearing. Appellant asserts that he was unavoidably prevented from discovering the defective indictment because trial counsel failed to provide him with a copy of the unsigned indictment. Appellant twice sought a copy of his indictment, first in 2020, and then,

successfully, in May 2022.

{¶ 25} "[A] trial court properly denies a defendant's petition for postconviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, paragraph two of the syllabus. A trial court's decision to summarily deny a postconviction petition without holding an evidentiary hearing will not be reversed absent an abuse of discretion. *State v. Simon*, 12th Dist. Butler No. CA2014-12-255, 2015-Ohio-2989, ¶ 11.

{¶ 26} Because appellant did not file a direct appeal, he was required to file his PPCR within a specific time limit after the expiration of the time for filing the appeal. Regardless of whether the former 180-day time limit or the current 365-day time limit applied, *see* R.C. 2953.21(A)(2), appellant's June 6, 2022 PPCR was clearly untimely as it was filed over seven years after he entered his guilty plea, was convicted, and then sentenced in 2014.

{¶ 27} Under such circumstances, R.C. 2953.23(A)(1)(a) permits the trial court to entertain an untimely petition only if the petitioner demonstrates that either (1) he was unavoidably prevented from discovering the facts necessary to assert his claim for relief, or (2) he is invoking a new federal or state right recognized by the United States Supreme Court that is retroactively applicable to persons similarly situated. *State v. Kent*, 12th Dist. Preble No. CA2013-05-003, 2013-Ohio-5090, ¶ 12. If the petitioner satisfies one of these threshold requirements, R.C. 2953.23(A)(1)(b) then requires the petitioner to offer clear and convincing evidence demonstrating that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offenses of which he was convicted. *State v. McKelton*, 12th Dist. Butler No. CA2015-10-183, 2016-Ohio-3216, ¶ 8. "A defendant's failure to either timely file a petition for post-conviction relief or meet his

burden under R.C. 2953.23(A)(1) deprives a trial court of jurisdiction to entertain the petition." *State v. Lawwill*, 12th Dist. Warren No. CA2017-03-027, 2017-Ohio-8432, ¶ 17.

{¶ 28} Contrary to his assertion, appellant was not unavoidably prevented from discovering that the indictment was unsigned. At arraignment, Crim.R. 10(A) requires that a defendant be given a copy of the indictment or shall acknowledge receipt thereof, before being called upon to plead. Moreover, the indictment was a part of the record and its lack of the foreperson's signature was discoverable well within the proscribed time for filing his PPCR. *State v. Wilson*, 2d Dist. Montgomery No. 21738, 2007-Ohio-4885, ¶ 16. Nothing prevented appellant from obtaining a copy of his indictment well within the proscribed time for filing a timely PPCR. Additionally, appellant fails to assert a claim based on the recognition by the United States Supreme Court of a new federal or state right that applies retroactively to a person in his situation.

{¶ 29} Furthermore, appellant cannot satisfy the requirement of R.C. 2953.23(A)(1)(b) that "but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense for which the petitioner was convicted[.]" Appellant was convicted pursuant to his guilty plea, not by reason of trial. *State v. Liles*, 3d Dist. Allen No. 1-21-60, 2022-Ohio-1713, ¶ 12; *State v. Halliwell*, 134 Ohio App.3d 730, 735 (8th Dist.1999). Finally, for the reasons set forth under the second assignment of error, appellant's PPCR is barred by res judicata.

{¶ 30} The trial court, therefore, did not err in denying appellant's untimely PPCR without an evidentiary hearing. Appellant's third assignment of error is overruled.

{¶ 31} Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.